UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SRI KANTHA, M.D., individually and in his capacity as trustee of the Medical Associates of Fort Lee, LLC Defined Benefit Pension Plan and as trustee of the Fort Lee Medical Center, Inc. Defined Benefit Pension Plan and on behalf of all those similarly situated, | ( |
| *Plaintiff,* | ( Civil Action No. 06-905 |
| v. | ( ( |
| PACIFIC LIFE INSURANCE COMPANY, AMERICAN GENERAL LIFE INSURANCE COMPANY and ARTHUR P. SHANKMAN & CO., INC., | ( Hon. William J. Martini, ( U.S.D.J. |
| *Defendant(s).* | ( REPORT AND ( RECOMMENDATION |

## INTRODUCTION

This matter comes before me on plaintiff's motion to remand this civil action to the Superior Court of New Jersey, Law Division, Essex County. The motion was referred to me by Judge Martini. I have considered the papers submitted in support of and in opposition to the motion. There was no oral argument. Rule 78.

## PROCEDURAL HISTORY

This action was commenced on February 15, 2005, with the filing of a Complaint in Superior Court by plaintiff Sri Kantha, individually and as trustee of the Medical Associates of Fort Lee, LLC Defined Pension Plan and as Trustee of the Fort Lee Medical Center, Inc. Defined

1

Benefit Pension Plan, and on behalf of all those similarly situated ("plaintiff").  The Complaint arose out of the promotion, marketing, purchase, sale and use of insurance policies which funded two 26 U.S.C. §412(i) defined benefit plans. The alleged misleading and deceptive practices, breach of contract, fraud, negligence, breach of fiduciary duty, and a statutory claim under the New Jersey Consumer Fraud Act.

Defendants Pacific Life Insurance Company, American General Life Insurance Company and Arthur Shankman & Co., Inc. ("defendants"), filed a Joint Notice of Removal on March 24, 2005.  Plaintiff filed a motion to remand on April 22, 2005.  This Court issued a Report and Recommendation on August 25, 2005, which recommended that plaintiff's motion be granted. After defendants filed timely objections, United States District Court Judge William J. Martini adopted the Report and Recommendation on October 19, 2005.

Defendants filed a second Joint Notice of Removal on February 27, 2006, pursuant to 28 U.S.C. §§1441 and 1446.  They relied on §1446(b) as the basis of removal, arguing that plaintiff's claims were now removable because statements made in plaintiff's papers filed in opposition to a motion to dismiss in the Superior Court were "other papers" permitting removal. On March 24, 2006, plaintiff moved to remand, arguing that he only asserted State law causes of action involving State law issues and that defendants were precluded from seeking removal on the same arguments presented to, and rejected by, this Court.  Defendants opposed the motion to remand, arguing that plaintiff's papers filed in State court demonstrated that his claims now contained one or more substantial federal questions sufficient to confer subject matter jurisdiction on this Court.  Plaintiff also seeks a fee award, arguing that defendants had no objectively reasonable basis to remove a second time.

## **DISCUSSION**

A civil action brought in state court by a plaintiff may be removed by the defendant to the federal district court where the state court action is pending if the district court would have original jurisdiction over the matter. 28 U.S.C. §1441(a); See Kircher v. Putnam Funds Trust, 126 S.Ct. 2145 (2006). It is "the party seeking removal [who] bears the burden of showing that federal subject matter jurisdiction exists, that removal was timely and that removal is proper." Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), cert. denied Snap-on Tools Corp. v. Boyer, 498 U.S. 1085 (1991). Courts strictly construe the removal statutes "against removal and all doubts are to be resolved in favor of remand." Boyer, 913 F.2d at 111 (quoting Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)).

When the parties are not diverse, the only ground on which a defendant may assert that a federal court has subject matter jurisdiction is that the cause of action lies within "federal question" jurisdiction and, as such, is "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §§1331, 1441(b). Generally, a federal claim must appear "on the face of a well-pleaded complaint in order to confer federal question jurisdiction for removal under §1441." Dukes v. U.S. Healthcare, 57 F.3d 350, 353 (3d Cir. 1995); See Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804 (1986).

### THE PERMISSIBILITY OF A SECOND REMOVAL

"A case that is not initially removable, may be removed if an amended pleading, motion, order or other paper provides grounds on which it may be ascertained that the case is one which is or has become removable." 28 U.S.C. §1446(b). As an alternative to a second removal, an

appeal of the order to remand may be taken. In general, a remand due to lack of subject matter jurisdiction or a defect in removal procedure is not reviewable on appeal or otherwise. 28 U.S.C. §1447(d). The rationale behind this statutory bar of review lies in the concept that when a case is remanded, the remand terminates the district court's jurisdiction. Doe v. American Red Cross, 14 F.3d 196, 199 (3d Cir. 1993) (quoting Hunt v. Acromed Corp., 961 F.2d 1079, 1081 (3d Cir. 1992)). "Courts have construed section 1447(d) as prohibiting appeals of remand orders as well as reviews by district courts of their own remands based on the same grounds as the initial removal." Doe, 14 F.3d at 199. The Supreme Court has also "relentlessly repeated that 'any remand order issued on the grounds specified in §1447(c) [is immunized from all forms of appellate review], whether or not that order might be deemed erroneous by an appellate court." Kircher 126 S.Ct. at 2145 (quoting, Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 351 (1976)). But see Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 710 (1996)).[1]

While a second removal is permissible if it is based on grounds that are *different* from those asserted in the first removal, given §1447(d), a second removal that is based on the same grounds already considered by the court is impermissible. Doe, 14 F.3d at 200.

On March 24, 2005, defendants first removed this action, claiming the case "arose under" a federal statute and that the core of the action required interpretation of federal tax laws and IRS regulations, thus presenting a substantial federal question and, in the alternative, that plaintiff's State law claims were completely preempted by ERISA. This Court determined that plaintiff's

---

[1] There are two exceptions to §1447(d)'s prohibition of review of an appeal from a remand order. The first is statutory: those cases removed pursuant to §1443, concerning civil rights actions, which are not at issue in this case, may be appealed following removal. 28 U.S.C. §§1447(d), 1443. The second comes from Thermtron ("Only remand orders issued under §1447(c) and invoking the grounds specified therein … are immune from review under §1447(d)"). 423 U.S. at 346 (1976).

4

claims "did not depend substantially upon a question of federal law nor [did] they arise under federal law." Report and Recommendation at 7.

Plaintiff has not amended the Complaint since it was filed in February 2005. Defendants, however, assert that "plaintiff has apparently reversed his position." Second Joint Notice of Removal at 4. Defendants' second Joint Notice highlights three sentences from plaintiff's State court papers filed in opposition to the defendants' Motion to Dismiss as "providing notice" under the second paragraph of §1446(b), that there *now* exists federal question jurisdiction. The content of the statements focuses on the discovery, relevance and interpretation of specific IRS statements regarding the "taxability of certain elements of the 412(i) program that defendants sold to plaintiffs." State Opposition at 2, 15, 29; Second Joint Notice of Removal at 4. Defendants claim that once plaintiff returned to State court, they "dropped [the] charade" and "made crystal clear that [they] intended to vigorously litigate the federal tax law issues at the center of [their claims]." Defendant's Opposition at 1, 2.

There is a conflict in the case law as to what constitutes an "other paper" under §1446(b)[2]. Defendants asserted that "plaintiff's claims are removable to this Court because the state law causes of action pose one or more substantial federal questions…" whose "…resolution … is based in substantial part on the application and interpretation of federal tax law… [thus

---

[2] "[T]he Third Circuit has not decided what constitutes other paper under 28 U.S.C.S. § 1446(b)'s second paragraph. However, cases from other circuits have dealt with the issue, and while some courts have concluded that "other paper" must be those actually filed in the case, the majority of courts have given the reference to other paper an embracive construction and have included a wide array of documents within its scope. The purpose of the statute is to commence the running of the 30-day period once the defendant receives actual notice that the case has become removable, which may be communicated in a formal or informal manner." Efford v. Milam, 368 F.Supp. 2d 380, 384-85 (E.D. Pa. 2005), where the court held that parties' correspondence qualified as "other paper" within the second paragraph of §1446(b) so as to provide notice to the other party of when it could be "ascertained" that the case was first removable. ( See Commonwealth v. Tap Pharmaceutical Products, Inc., et al. 415 F.Supp. 2d 516 (E.D. Pa. 2005)).

demonstrating that]… plaintiff's causes of action 'turn on a substantial federal issue' sufficient to confer subject matter jurisdiction to this Court under 28 U.S.C. §1331. Second Joint Notice of Removal at 4, 5.  The three phrases in plaintiff's State Opposition upon which defendants rely are as follows: (1) "...the most obviously disputed question of fact in this case: the meaning of statements of the IRS concerning the taxability of certain elements of the 412(i) program that defendants sold to plaintiffs, and the state of defendants' and the insurance industry's mind concerning those IRS statements," (State Opposition at 2);  (2) "Among the many disputed questions of fact in this litigation are the following... What is the full universe of statements that the IRS had made, prior to the transactions at issue in this case, concerning the taxability of abusive 412(i) programs? What was the meaning of those statements?" (State Opposition at 15); and (3) "...Discovery...will entail examination of all the statements of the IRS that touch on these issues..." (State Opposition at 29).  Defendants assert plaintiff has "reversed" his position from what was previously asserted.

Plaintiff's excerpted statements, upon which defendants rely for removal, do not add new information that was previously unascertainable.  "When the 'initial pleading' gives notice that the action is removable, the second paragraph of §1446(b) does not apply." Marchiori v. Vanguard Car Rental USA, Inc., 2006 U.S. Dist. LEXIS 11385 (E.D. Pa. 2006).

The Tenth Circuit Court of Appeals has developed a test to determine whether to grant a second motion for removal under §1446(b) and, though not dispositive, it is instructive.  To satisfy the test, a plaintiff must first "... voluntarily amend his complaint after an order of remand has been entered [and] [s]econd, the voluntary action of the plaintiff must set forth a ground for removal that appears for the first time." O'Bryan v. Chandler, 496 F.2d 403, 410 (10th Cir.

1974); see McLaughlin v. Hallowell, 228 U.S. 278 (1913). Though the first element of the test may be satisfied if the plaintiff's State Opposition qualifies as an "other paper", the defendants cannot satisfy the second prong.

Doe, upon which the defendants rely to support the permissibility of their second removal, is clearly distinguishable. In Doe, the Third Circuit affirmed the permissibility of the defendant's second removal because it was neither an appeal from the first remand order nor was it based on the same grounds as the first removal; the second removal was permitted because after the first removal, a Supreme Court case "settled … previously uncertain law [and held] that the Red Cross charter permitted removal." Doe, 14 F.3d at 200.

Here, there has been no new evidence or information provided to demonstrate removal is appropriate. The statements the defendants rely on are statements that have been, at least in substance, already put before this Court when the Remand order was issued. Plaintiff made reference to the IRS statements in his original Complaint. Complaint at 4. Defendants argued to this Court in their opposition to the first remand motion that the "core" of this case involved an interpretation of "subsequent IRS regulations" which presented a substantial federal question. Defendants' First Opposition to Remand, 3. They argued further in response to the Report and Recommendation that the Complaint erroneously stated that the IRS had held certain §412(i) policies to be "abusive" in nature and that the IRS statements invalidated the policies in issue. Defendant's Opposition to the Report and Recommendation at 2.

If the grounds for defendants' second Joint Notice of Removal are identical to their first Notice of Removal, as I believe these are, the substance of the Removal is best characterized as a request for this Court to reconsider the 2005 Remand order. The policy behind §1447(d)

7

precludes this Court from doing so; "The purpose of section 1447(d) is to prevent delay in the trial of remanded cases by avoiding protracted litigation of jurisdictional issues of exactly the type involved here." Hunt, 961 F.2d at 1082, (citing Thermtron, 423 U.S. at 351).

Removal is an important means to maintain the balance between State and Federal courts; however, the mechanism should be utilized carefully and with restraint. (see Harris v. Blue Cross/Blue Shield of Alabama, Inc., 951 F.2d. 325, 330 (11th Cir. 1992), (quoting In re La Providencia Development Corp., 406 F.2d 251 (1st Cir. 1969)).

Plaintiff also requests that, pursuant to 28 U.S.C. §1447, fees be assessed against the defendants. Section 1447(c) is permissive and provides that "an order remanding the case *may* require payment of just costs and any actual expense, including attorney fees, incurred as a result of the removal." (emphasis added). In Martin v. Franklin Capital Corp., 126 S. Ct. 704 (2005), the Supreme Court addressed §1447(c). The Supreme Court acknowledged that "assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff…" and that "…the appropriate test for awarding fees under §1447(c) should recognize the desire to deter removals sought for purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied…the standard for awarding fees should turn on the reasonableness of the removal." 126 S.Ct. at 704.

The defendants here lacked an objectively reasonable basis to remove a second time based on grounds already rejected by this Court. This is unlike the circumstances in Martin, where the issue was considered a "close question." As such, the plaintiff's request for attorney

8

fees should be granted.

## Conclusion

For the reasons set forth above, I recommend that this civil action be remanded and that plaintiff be awarded reasonable attorney's fees and costs of making the subject motion.

Pursuant to Local Civil Rule 72.1(c)(2), the parties have ten (10) days from service of this Report and Recommendation to file and serve objections.


                                              s/ Ronald J. Hedges
                                              Ronald J. Hedges
                                              United States Magistrate Judge


cc:           Honorable William J. Martini, U.S.D.J.