UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SRI KANTHA, M.D., individually and in his capacity as trustee of the Medical Associates of Fort Lee, LLC defined Benefit Pension Plan and as trustee of the Fort Lee Medical Center, Inc. Defined Benefit Pension Plan and on behalf of all those similarly situated,<br><br>    Plaintiff(s),<br><br>v.<br><br>PACIFIC LIFE INSURANCE COMPANY, AMERICAN GENERAL LIFE INSURANCE COMPANY and ARTHUR P. SHANKMAN & CO., INC.,<br><br>    Defendants. | 06-0905 (WJM)<br><br>OPINION |

Bruce Heller Nagel
Nagel Rice & Mazie, LLP
103 Eisenhower Parkway
Roseland, NJ 07068
    *(Attorneys for Plaintiff)*

Robert J. Del Tufo
Skadden, Arps, Slate, Meahger & Flom, LLP
Four Times Square
New York, NY 10036
    *(Attorneys for Defendant Pacific Life Insurance Company)*

Seth Ptasiewicz
Wilson, Elser, Moskowitz, Edleman & Dicker, LLP
33 Washington St.
Newark, NJ 07102
    *(Attorneys for Defendant American General Life Insurance Company)*

Richard M. Darnall
Reger, Rizzo, Kavulich & Darnall, LLP
700 East Gate Drive, Suite 101
Mount Laurel, NJ 08054
    *(Attorneys for Arthur P. Shankman & Co., Inc.)*

**WILLIAM J. MARTINI, U.S.D.J.:**

    This case comes before the Court on Plaintiff's motion to remand to the Superior Court of New Jersey and for an award of attorney's fees. Magistrate Judge Hedges filed a Report and Recommendation ("R&R") on August 1, 2006 recommending granting Plaintiff's motions. The parties submitted objections and responses pursuant to Local Civil Rule 72.1(c)(2). The Court

has reviewed the parties' submissions and reviewed the R&R *de novo*.  For the reasons below, the Court adopts the R&R as to remanding this case, but declines to adopt the R&R as to awarding attorney's fees and costs.

*Background and Analysis*

Plaintiff filed this action under state law on February 15, 2005, in the Superior Court of New Jersey, individually and as trustee of two pension plans and on behalf of all those similarly situated.  The Complaint arises out of the promotion, marketing, and purchase of insurance policies used to fund two pension plans that were supposed to function as "412(i) plans."  Such plans are subject to various benefits under Section 412(i) of the Internal Revenue Code.  Plaintiff claims that certain features of the plans rendered the plans illegitimate as 412(i) plans, and as a result, were ineligible for the benefits 412(i) plans are typically entitled to.  Once Plaintiff became aware that these were "abusive" rather than legitimate 412(i) plans, he stopped payment into them, and they lapsed.  Plaintiff now sues for misleading and deceptive practices, breach of contract, fraud, negligence, breach of fiduciary duty, and under the New Jersey Consumer Fraud Act.  The three Defendants are the two life insurance companies from which Plaintiff purchased the plans and the brokerage firm that acted as their agent.

In October 2005, following Defendants' first removal of this case, the Court granted Plaintiff's motion to remand based on a finding that the Complaint did not give rise to federal question jurisdiction.[1]  In February 2006, Defendants once again removed this case to this Court.

---

[1] *See Kantha v. Pacific Life Insurance Company*, No. 05-CV-1626 (D.N.J. October 19, 2005) (order adopting report and recommendation and remanding to Superior Court of New Jersey).

2

In these most recent removal papers, Defendants do not articulate any new legal grounds for removal, but claim that certain developments during state court proceedings make clear that this case involves significant and disputed issues of federal law and should be heard in federal court. Specifically, Defendants submit that in opposing a motion to dismiss in state court, Plaintiff admitted that application of federal tax law constituted "the most obviously disputed question" in the case. (Joint Notice of Removal 4, February 27, 2006.) In the filings related to the first removal, on the other hand, Plaintiff represented that "there is not a single allegation or claim that arises under, or is dependent on, a federal statute." (*Id.*) Thus, the argument goes, although it may not have been clear earlier the extent to which this case involves federal law, there is no longer any dispute, and the Court should exercise jurisdiction.

Even if the Court were to accept Defendants' characterization that Plaintiff's state court filings serve as an admission that this case significantly involves issues of federal law, it does not agree that such an admission demands removal to federal court. To begin, as Magistrate Hedges points out, the Court was aware during the proceedings related to the first removal that Plaintiff's claims implicated to some extent ERISA and/or federal tax issues.[2] The Court nonetheless found that the federal issues were tangential to the state law claims and did not warrant removal. No new evidence or information has since emerged, other than Plaintiff's concession that the case involves federal issues, to suggest that the Court erred in its previous analysis.

More importantly, contrary to Defendants' assertions that the Supreme Court case of

---

[2] For instance, Plaintiff alleged that certain insurance policies sold by defendants "were abusive in nature and designed to circumvent the Internal Revenue Code." (Compl. § 5.) Plaintiff further alleged that "in 2004, the IRS issued a series of regulations which . . . effectively invalidated the policies in issue." (*Id.* § 6.)

3

*Grable & Metal Products Inc.*, 545 U.S. 308 (2005) requires that this case be heard in a federal forum, the Court finds *Grable* inapplicable.  In *Grable*, the plaintiff brought a quiet title action against a landowner on the basis that the federal government failed to give him proper notice before seizing and selling his property.  Specifically, the parties disputed whether federal tax law required personal service or allowed service by certified mail.  Finding that the case turned entirely on a critical and ambiguous provision of federal law, the Supreme Court found the action had been properly removed to federal court.

This case, on the other hand, does not involve interpretation of specific and unsettled language contained within a provision of federal law but rather, involves analysis of disputed insurance policies *in light of* applicable federal laws.  The Court finds this case more akin to *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804 (1986).  In *Merrell Dow*, the Supreme Court considered a state court claim that rested in part on the allegation that the defendant drug company had violated a federal misbranding prohibition.  Recognizing that the state claim involved federal issues, the Supreme Court nonetheless held federal jurisdiction unavailable.  It reasoned that providing a federal forum for this cause of action "would . . . flout, or at least undermine, congressional intent" insofar as providing a federal forum for claims brought under state law simply because "the violation of the federal statute . . . is said to be a . . . 'proximate cause' under state law" would flood the federal courts with a tremendous number of traditionally state cases.  *Merrell Dow*, 545 U.S. at 812.

Similarly, although the instant case would require some analysis and application of federal law, the federal issues are tangential to the state law claims.  Both the instant case and *Merrell Dow* involve analyzing disputed products, whether labels or insurance policies, and

4

determining whether they conform to relevant federal laws. While both involve to some extent interpretation and application of federal law, they do not mirror *Grable* where the claim turned solely and on its face on the meaning of a specific, ambiguous federal tax provision. Also, as in *Merrill Dow*, the Court finds that providing a federal forum for the instant case would upset the delicate balance between state and federal interests and further open the floodgates to litigating all manner of traditional state law claims in federal court. For these reasons, the Court grants Plaintiff's motion to remand.

Contrary to Magistrate Hedges' recommendation, however, the Court does not find it appropriate to award Plaintiff attorney's fees and costs. The Court does not find that Defendants removed this case in an effort to delay litigation or that the removal was frivolous in nature. The distinctions between the jurisprudence governing removal of cases such as this are significantly fine such that Defendants could have had a legitimate, albeit mistaken, belief in the removability of this case.

*Conclusion*

In sum, for the reasons stated above, the Court grants Plaintiff's motion to remand but denies its motion for fees and costs.

s/William J. Martini  
**William J. Martini**